**Federal Defenders**
OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and
Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

October 7, 2022

<u>By ECF and Electronic Mail</u>
The Honorable Dora L. Irizarry
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  <u>United States v. Samantha Shader</u>, 20-CR-202 (DLI)

Dear Judge Irizarry:

We write with the consent of the government to advise that the parties are now in agreement as to the advisory guideline range and that a *Fatico* hearing is no longer necessary. The defense has withdrawn its objection to the base offense level, *see* ECF No. 53, and now withdraws its remaining objection to the application of an official victim enhancement under U.S.S.G. § 3A1.2(c)(1). *See* ECF Nos. 47, 53. As a result, the defense and government are now in agreement that the advisory guideline range in the Presentence Investigation Report is correct.

The official victim enhancement applies "[i]f, in a manner creating a substantial risk of serious bodily injury, the defendant . . . knowing or having reasonable cause to believe that a person was a law enforcement officer, assaulted such officer during the course of the offense[.]" § 3A1.2(c). The Second Circuit has held that an "assault" for purposes of the official victim enhancement refers to a common-law assault. *See United States v. Young*, 910 F.3d 665, 672 (2d Cir. 2018). The Circuit has also held that the definition of a common law assault includes "a completed battery, performed with only a general intention to perform the unlawful act or even mere criminal negligence." *United States v. Deli*s, 558 F.3d 177, 181 (2d Cir. 2009). "[T]he common-law definition of assault therefore supports the conclusion that simple assault . . . includes completed common-law battery, which [does] not require a specific intent to injure." *Id.* Thus, the defense no longer takes the position that application of a § 3A1.2(c) enhancement requires proof that Ms. Shader had the specific intent to injure the officers in the NYPD van. *See* ECF No. 53.

As a result, the parties are in agreement that the PSR sets forth a sufficient factual basis for the official victim enhancement: "it is unclear if Shader was aware that officers were present in the van when she lobbed the device; however, Shader was aware that by igniting the van, she was creating a risk to any law enforcement officer responding to the burning van, warranting the

Official Victim enhancement at USSG § 3A1.2(c)(1), as well as to any innocent bystanders." PSR ¶ 15. These facts show that, regardless of whether Ms. Shader knew the NYPD van was occupied, her actions created a substantial risk of serious bodily injury and that she "had reasonable cause to know that the individuals involved were law enforcement officials." *See Young*, 910 F.3d at 673.

Finally, although it does not affect the guidelines calculation and the defense maintains its position regarding the ultimate functionality and efficacy of the device, Ms. Shader does not dispute that the bottle was a destructive device within the meaning of 18 U.S.C. § 921(a)(4). *See United States v. Sheehan*, 838 F.3 109, 122 (2d Cir. 2016).

In sum, parties agree that the guidelines calculation in the PSR is correct and that a *Fatico* hearing is no longer necessary. Accordingly, we would respectfully request that the Court withdraw its previous order requiring the government to disclose 3500 material by October 7, 2022. We would further request that the Court set a date for the defense sentencing submission the week of October 24, and a date for sentencing that is convenient for the Court.

Respectfully Submitted,

/s/
Amanda David
Samuel Jacobson
Leticia Olivera
Assistant Federal Defenders

cc: all counsel of record (by ECF)
    U.S. Probation (by Email)
    Clerk of Court (by ECF)